# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSEPH P. PINKSTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CIV-11-246-FHS-KEW |
| ) | |
| MICHAEL ASTRUE, Commissioner ) | |
| Social Security Administration ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Plaintiff's counsel filed a Motion For Attorney Fees Under 42 U.S.C. § 406(b) (Dkt. No. 28) on December 5, 2012. Judgment was entered in favor of Plaintiff on August 15, 2012, restoring Plaintiff's benefits and awarding him an amount equal to the benefits that he would have been paid from the date of termination of his disability benefits. On November 18, 2012, a Notice of Award was issued by the Commissioner in favor of Plaintiff. On December 2, 2012, a Notice of Change in Benefits was issued by the Commissioner in favor of Plaintiff awarding him additional benefits to correct an underpayment on the previous calculation of benefits. The Notices issued by the Commissioner indicate that Plaintiff was awarded $59,238.32 in back benefits.

Attorney fees are awardable under 42 U.S.C. § 406(b)(1) when a social security claimant is awarded disability benefits by virtue of a judgment entered by a federal district court. McGraw v. Barnhart, 450 F.3d 493, 496 (10th Cir. 2006). In such circumstances, the fourteen-day period running from the date of

1

judgment under Fed.R.Civ.P. 54(d)(2)(B)(i) will have expired and claimants, through counsel, rely on Rule 60(b)(6) to seek such fees well after the expiration of the fourteen-day period. Id. at 505. The McGraw Court noted, however, that "[a] motion for an award of fees under § 406(b)(1) should be filed within a reasonable time of the Commissioner's decision awarding benefits." Id. The Court finds it appropriate to authorize Plaintiff's counsel to file her[1] § 406(b)(1) motion for attorney fees following the receipt of the November 18, 2012, Notice of Award containing the calculation of past-due benefits. The "decision awarding benefits" language referenced by the McGraw Court necessarily includes not only the favorable decision on disability, but the actual award of past-due benefits. Plaintiff's counsel is entitled to file her motion within a reasonable time of the Notice of Award. Counsel's motion filed on December 5, 2012 - seventeen days from the November 18, 2012, issuance of the Notice of Award and three days from the December 2, 2012, Notice of Change in Benefits - is therefore timely.

Plaintiff's counsel has moved the Court to approve an attorney fee award under 42 U.S.C. § 406(b)(1) in the amount of $14,809.58 for counsel's representation of Plaintiff before the Court. Counsel's requested fees do not exceed either the amount contracted for in the parties' contingency agreement or the 25% limitation of section 406(b). Neither the Commissioner nor the Plaintiff have presented any objection to Plaintiff's counsel's

---

[1] Although the instant attorney fee motion was filed by attorney Gayle L. Troutman, of the firm, Troutman & Troutman, P.C., the Court notes that attorney Steve A. Troutman is the firm's representative signatory to the fee contract with Plaintiff.

request for fees in the amount of $14,809.58. The Commissioner has filed an informative response on the various points of law to be considered, but has declined to take a position on the reasonableness of counsel's fee request. Plaintiff has not filed any response or objection. The Court has conducted an independent review of the record, including the contingency-fee contract between counsel and Plaintiff, and counsel's documented time records, and concludes counsel's motion is timely and that the requested attorney fee amount of $14,809.58 is reasonable under the facts and circumstances of this case given the nature and quality of the representation and the results achieved. See Gisbrecht v. Barnhart, 535 U.S. 789, 807-809 (2002).

Consequently, Plaintiff's counsel's Motion For Attorney Fees Under 42 U.S.C. § 406(b) (Dkt. No. 28) is granted in the amount of $14,809.58. Pursuant to Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986), Plaintiff's counsel is directed to refund to Plaintiff the smaller amount of fees ($4,909.00) previously awarded under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).

It is so ordered this 27th day of December, 2012.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma